**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**DAHANE ELLALA,**

    **Petitioner,**

    v.

**FIELD OFFICE DIRECTOR OF
AND REMOVAL OPERATIONS,
DETROIT FIELD OFFICE, et al.,**

    **Respondents.**

Case No. 1:26-cv-70

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Deavers

## OPINION AND ORDER

U.S. Immigration and Customs Enforcement (ICE) is currently detaining Petitioner Dahane Ellala pending removal proceedings. Ellala filed a Petition for Writ of Habeas Corpus (Doc. 1), requesting this Court order his release. The parties primarily present the detainment as a question of whether 8 U.S.C. § 1225(b)(2), which mandates detention, applies to Ellala. (Doc. 1, #6, 11; Return of Writ, Doc. 5, #32). On that question, Ellala argues the answer is no, and says that instead 8 U.S.C. § 1226(a), which provides for discretionary detention, controls. (Doc. 1, #11). This Court recently addressed that precise question of statutory interpretation in *Coronado v. Secretary, Department of Homeland Security*, No. 1:25-cv-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025), and further explained its reasoning in *Lucero v. Field Office Director of Enforcement and Removal Operations*, No. 1:25-cv-823, 2025 WL 3718730 (S.D. Ohio Dec. 23, 2025). Specifically, the Court concluded that any non-citizen who is present in the country, but who was not admitted, falls under § 1225(b)(2), notwithstanding how long they have been present. But here, as further

described below, Ellala's situation is a bit unique—principally in that he was admitted when he first entered the country. Thus his Petition raises additional questions the Court did not consider in those earlier decisions. In the end, though, the Court denies the Petition, but does so on exhaustion grounds.

First, the Court recounts the facts. Ellala is a Mauritanian national residing in the United States without current authorization. (Doc. 1, #3; Doc. 5, #32). He originally entered the United States in 2019 with a six-month B2 visitor visa. (Doc. 1, #1; Doc. 5, #32). So, as noted, unlike the petitioners in *Coronado* and *Lucero*, he was, in 2019 at least, legally admitted to the country. Since then, a few things have occurred. First, he overstayed that visa. (Doc. 5, #32). And second, he married an American citizen and is now applying for green card status based on that marriage. (Doc. 1, #2 (discussing Petitioner's pending I-130 petition and I-485 application)). That status quo continued until early 2025, when the third set of events occurred. Specifically, Ellala requested advance parole from USCIS to briefly leave the country (and return), which USCIS granted. (*Id.*; Doc. 6-1, #61–63 (Advance Parole Doc.)). So, he left the country on March 23, 2025, and returned on May 11, 2025. (Doc. 1, #2). But on December 11, 2025, ICE detained him at a truck weighing station. (*Id.*). He has been detained in Butler County Jail since. (*Id.*).

In hopes of ending that detention, Ellala "sought bond from the Cleveland Immigration Court." (*Id.*). But the immigration court denied that request. (*Id.*). According to Ellala, the immigration judge found that he "did not have jurisdiction to grant bond because the government designated [Ellala] as an arriving alien." (*Id.*; *see*

2

*also* Bond Denial, Doc. 5-3, #44 ("Denied, because due to the Respondent's manner of entry as an arriving alien the Court does not have the authority to redetermine bond in this case.")). Ellala appealed that bond denial to the Board of Immigration Appeals (BIA), but recognizing that the appeal "will likely take many months" (and may be unsuccessful), he brought this Petition in order to effectuate his release. (Doc. 1, #3).

Ellala argues that the immigration judge based his denial of bond on a "spurious" jurisdictional argument. (*Id.* at #2). Specifically, Ellala does not believe that, as an advance parolee, he is an "arriving alien" under the Immigration and Nationality Act (INA) as the government claimed. (*Id.* at #2, 11). And because the government deprived him of a "properly held individualized bond hearing" (and his freedom) on that ground, Ellala argues that Due Process and the INA mandate his release.[1] (*Id.* at #15–17). Respondent's brief is not altogether clear, but the government appears to be arguing *both* that the Immigration Court lacks authority to release him as an "arriving alien," under 8 C.F.R. § 1003.19(h)(2)(i)(B), and that as an "applicant for admission," he is subject to mandatory detention under § 1225(b)(2)(A). (Doc. 5, #32–33).[2]

---

[1] The Petition requests Respondents release a Mr. Villasenor Ponce from custody, but the Court presumes that is in error. (Doc. 1, #18).

[2] Confusingly, the government also claims that Ellala is subject to "mandatory detention as an arriving alien … pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV) for the duration of the removal proceedings." (Doc. 5, #33). Those provisions refer to asylum interviews (and accompanying mandatory detention), but nowhere does Ellala indicate that he is pursuing an asylum claim. Nor does the government discuss an asylum claim. The government, however, does attach an "Order of the Immigration Judge" denying the asylum claim of a Leanny Sorelbis Hernandez-Torrealba. (Doc. 5-5). Presumably this was in error.

3

So, before the Court could adjudicate Ellala's claims, it would first need to answer two statutory interpretation questions. First, as an advance parolee (who returned seven months before his arrest), is Ellala an "arriving alien" for the purposes of 8 C.F.R. § 1003.19(h)(2)(i)(B)?[3] Second, regardless of whether he is an arriving alien, is Ellala subject to mandatory detention under § 1225(b)(2)(A)? Importantly, though, that latter inquiry is different here from the question presented in *Coronado*, as well as from the situation that the BIA addressed in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (B.I.A. 2025). That is because Ellala (at least in 2019) was *admitted*, so he arguably is not an applicant for admission. And while he did leave and reenter the country, he did so only after he obtained advance parole from the government. Notably, advance parole, in at least one other context, has not been considered a "departure" by the BIA. *See, e.g.*, *Matter of Arrabally & Yerrabelly*, 25 I. & N. Dec. 771, 778–79 (B.I.A. 2012). So, if he was admitted, and he never departed, arguably he remains admitted yet today, meaning he would not be an applicant for admission, at least not as § 1225(a) defines that term for use in § 1225(b). *See* 8 U.S.C. § 1225(a) (defining application for admission as "[a]n alien present in the United States *who has not been admitted* …" (emphasis added)).

Ultimately, though, given the unsettled answers to these questions, the Court declines to weigh in on them now based on prudential exhaustion principles. True, no

---

[3] 8 C.F.R. §§ 1.2 and 1001.1(q) exclude advance parolees from being considered "as an arriving alien under section 235(b)(1)(A)(i) of the [INA]." So, while it is not clear if such parolees are also exempted from being considered "aliens … who arrive[] in the United States" for the purposes of determining if they are an "applicant for admission," 8 U.S.C. § 1225(a)(1), Ellala has a potentially meritorious argument that the immigration judge erred in his reasoning.

4

statute or rule mandates that Petitioner administratively exhaust his claim. But that simply means that "whether to require exhaustion is within this Court's 'sound judicial discretion.'" *Orellana v. Raycraft*, No. 1:25-cv-1446, 2025 WL 3484747, at *3 (W.D. Mich. Dec. 4, 2025) (quoting *Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013)). While "[t]he Sixth Circuit has not formally adopted a standard for determining when prudential exhaustion applies; [] other courts in this [Circuit] have applied the three factor test[] set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983)." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 778 (E.D. Mich. 2025). That test states that "[c]ourts may require prudential exhaustion when: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (citation omitted).

Looking at the first factor here, while the statutory interpretation issues primarily present questions of law, not fact, the record has some gaps—for example, which statute Ellala is being detained and removed under, and whether there is a pending asylum determination. *See* supra note 2. Turning to the second factor, while an "alien's due process challenge generally does not require exhaustion … the alien must raise correctable procedural errors to the BIA." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Here, a significant portion of Ellala's claim is based on an

alleged procedural error[4]—that the immigration judge incorrectly determined his status as an "arriving alien" and denied his bond on jurisdictional grounds. (Doc. 1, #2, 11). The Court determines that the BIA should have an opportunity to address that alleged mistake. Regarding the third, the Court is unsure how the BIA is "likely" to rule, and thus cannot know whether the BIA's actions will preclude the need for judicial review. But that is the point—Ellala's immigration posture differs from the facts in *Hurtado,* and for that reason the Court defers to the BIA to rule whether aliens who were admitted, overstayed their admission, then departed and reentered for admission under advance parole constitute "applicants for admission" under § 1225. Ellala will of course have a right to appeal the BIA's decision (should he lose), but the BIA should have the right to rule in the first instance.

As things stand, the Court **DISMISSES WITHOUT PREJUDICE** Ellala's Petition (Doc. 1) to allow him to administratively exhaust his claim.[5] The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

---

[4] The error, as alleged by Ellala, is procedural, at least in the sense that the immigration judge declined to reach the merits of his bond application because of an incorrect classification. But if the BIA's position is that Ellala *is properly classified* as an arriving alien, then this is in fact a substantive dispute over statutory interpretation. Because the Court does not know which based on the record before it, that too suggests that the BIA should first address the issue.

[5] The Court also acknowledges that Petitioner may wish to pursue relief as a potential class member in *Bautista v. Santacruz*, No. 5:25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).

SO ORDERED.

February 24, 2026
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**